### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE | : CHAPTER 13 |
| DIANE L. ANDERSON, | : |
| DEBTOR | : CASE NO.04-44554-JBR |
| DIANE L. ANDERSON, | : |
| PLAINTIFF, | : |
| v. | : AP. NO. 06-4137 |
| AMERIQUEST MORTGAGE COMPANY and | : |
| AMC MORTGAGE SWERVICES, | : |
| DEFENDANTS. | : |

### ORDER ON DEFENDANTS' MOTION TO DISMISS

The Defendants have filed a Motion To Dismiss and Supplemental Motion to Dismiss seeking dismissal of Counts I, IV, V, VII, and VIII. The Plaintiff opposes the Motion and Supplemental Motion. It is hereby ORDERED as follows:

1. In Count I the Plaintiff alleges that the Defendants[1] failed to respond to a qualified written request under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e) which was sent approximately three months after the foreclosure sale. As the Defendants note, the Plaintiff fails to allege that she was harmed by the failure to respond and therefore the Count must be DISMISSED.

2. Count IV is for fraud based upon alleged misrepresentations made by the Defendants'

---

[1] The Plaintiff refers to the Defendants collectively even though in Count I she alleges that the qualified written request was sent to AMC Mortgage Services, Inc. The Court shall also refer to the Defendants collectively.

employees. Despite the Defendants' contention that fraud is not pled with specificity, the Complaint pleads the dates when the allegedly fraudulent representations were made, the names of the Defendants' employees who made the allegedly false representations, and the substance of the communications. The Motion to Dismiss is DENIED with respect to Count IV.

3. In Count V the Plaintiff seeks judgment pursuant to M.G. L. C. 93A. She concedes that she did not send the Defendants a demand letter and argues that none is required because they do not have a place of business within the Commonwealth. As the Defendants argue, however, a demand letter is required if a potential defendant has assets located in Massachusetts. The Defendants argue that the mortgages secured by property located within the Commonwealth are "assets within the commonwealth," an argument which the Plaintiff does not address. Given that the mortgage at issue herein is recorded in the Commonwealth and that the security for the mortgage, which gives the mortgage its value, is located in the Commonwealth, there is at least one aset located here in Massachusetts. Therefore the failure to send a demand letter is fatal to this Count and thus Count V is DISMISSED.

4. The Defendants seek dismissal of Count VII which seeks relief under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* on the grounds that they are not debt collectors as the Plaintiff treats the two separate entities as one. That an unsophisticated borrower may not discern the legal distinction between the entities is irrelevant to the determination of whether either of the Defendants was a debt collector. Moreover the Defendants have failed to demonstrate on the record currently before the Court that they are

entitled to the shelter carved out by 15 U.S.C. § 1692a(6)(B).[2]

5. The Defendants also seek dismissal of Count VII on the grounds that it is barred by the one year statute of limitations. The Plaintiff, however, claims that the foreclosure sale was the ultimate violation of the FDCPA. That event occurred approximately six months prior to the filing of this adversary proceeding and therefore the Motion is DENIED with respect to Count VII.

6. The Defendants seek dismissal of Count VIII, brought pursuant to the Federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. The Defendants argue that a violation based on their alleged failure to give the Plaintiff notice of her right to rescind occurred at the loan closings, more than one year prior to initiation of this proceeding. Therefore the Defendants argue that the claim is barred by the statute of limitations. As the Defendants acknowledge, however, the statute, however, may be tolled if the Defendants fraudulently concealed the violation. In the Complaint the Plaintiff alleges that employees of the Defendants repeatedly advised her she had nothing to worry about and that Ameriquest was not going to take her house. When she called to complain that she was upset that she had received an adjustable rate loan, she was told there was nothing she could do because the loan closing had occurred more than a week prior to the telephone conversation. It may well be that the Plaintiff can prove grounds for equitable tolling of the statute of limitations and thus, on the record before the Court, dismissal of this Count is not proper. The Motion is DENIED with respect to Count VIII.

---

[2]That section excepts from the definition of debt collector "any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts...."

3

7. The Plaintiff shall have 30 days from the date of this Order to amend the complaint.

Dated: September 26, 2006

_____
Joel B. Rosenthal
United States Bankruptcy Judge